# EXHIBIT 1

*plan 6.*

David B. Newman, Esq. (DN9577)
Amish R. Doshi, Esq. (AD5996)
**DAY PITNEY LLP**
7 Times Square
New York, New York 10036
Telephone: 212-297-5800
Facsimile: 212-916-2940
E-Mail: dnewman@daypitney.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SYMPHONY FABRICS CORPORATION,

                Plaintiff,

        v.

DAVID S. KNAPEL AND TEXTILE
IMPRESSIONS, INC.,

                Defendant.

Case No. 07 - CIV - 6606

**COMPLAINT**

Plaintiff, Symphony Fabrics Corporation ("Symphony"), by its counsel Day Pitney LLP, alleges for its Complaint against David S. Knapel ("Knapel") and Textile Impressions, Inc. ("TI"), as follows:

### PRELIMINARY STATEMENT

1.    This is an action for conversion, unjust enrichment, breach of fiduciary duty, misrepresentation and fraud arising from Knapel's knowing and purposeful theft of funds by submitting false sales receipts, and falsifying books and records. Over approximately a one-year time period, Knapel embezzled approximately Four Hundred Forty-Five Thousand dollars ($445,000.00) from Symphony. Symphony hereby seeks relief from this Court to obtain a judgment that requires Defendants to repay to Symphony the monies they wrongfully obtained.

1543312A03072007

## THE PARTIES

2.    Plaintiff, Symphony Fabrics Corporation ("Symphony"), is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business at 229 West 36th Street, New York, New York 10018.

3.    Upon information and belief, defendant TI is a Delaware corporation with its principal place of business in New Jersey.

4.    Upon information and belief, Defendant David S. Knapel ("Knapel") is a New Jersey resident, residing at 41 Arcadia Road, Woodcliff, New Jersey 07677.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) in that there is diversity of citizenship between Symphony and Knapel and TI, and the amount in controversy between the parties exceeds the sum or value of $75,000, exclusive of interest and costs.

6.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 in that the events giving rise to Symphony's claims occurred within this district.

7.    Knapel and TI are subject to personal jurisdiction in this district as they have committed multiple tortious acts within this district. Additionally, they have transacted business in New York.

## FACTUAL BACKGROUND

8.    On or about March 1, 2006, Symphony entered into an Asset Purchase and Sale Agreement ("Agreement") pursuant to which it purchased certain of the assets of TI and placed those assets into the Pago Division of Symphony. This action does not arise out of the Agreement, but rather from Knapel's employment by Symphony.

9.    Knapel was employed by Symphony to run its Pago division.

10.     Upon information and belief, Knapel owns the stock of TI and the assets of TI which were not purchased by Symphony.

11.     As the manager of the Pago Division, Knapel was responsible for controlling, monitoring, overseeing, and coordinating the financial accounts, records and statements of Pago and reporting this information to Symphony.

12.     Upon information and belief, while employed by Symphony as the manager of the Pago division, Knapel collected payments on merchandise and repeatedly, intentionally and wrongfully neglected to remit payments to Symphony and instead deposited said funds into TI's bank account.

13.     Upon information and belief, Knapel, in his capacity as manager, falsified invoices and books and records thereby manipulating the amount of receivables the Pago Division was reporting and remitting to Symphony and instead deposited or directed customers to deposit funds in the TI's bank accounts.

14.     Upon information and belief, Knapel neglected to remit payments to Symphony from both cash and credit card receivables, resulting in shortages on Symphony's General Ledger and overages in TI's accounts.

15.     Upon information and belief, at all relevant times, Knapel controlled TI's bank accounts.

## COUNT I
### (Conversion)

16.     Symphony repeats and realleges the allegations contained in paragraphs 1 through 15 hereof, as if fully set forth herein.

17.     During his employment at Symphony, Knapel received and converted the aforementioned funds via cash, credit cards, and/or other means, for his own personal use by depositing or causing said funds and credit card payments to be deposited in TI's accounts.

18.    These funds belonged to Symphony, not Knapel or TI, and despite Symphony's demands, Knapel and TI have failed to repay these funds.

19.    As a result of the conduct of Knapel and TI and failure to repay these funds, Symphony has suffered damages in an amount to be determined by the Court, but in no event less than $500,000.

20.    The actions of Knapel and TI were purposeful and contumacious as a result of which Symphony is entitled to punitive damages of not less than $500,000.

COUNT II
(Unjust Enrichment)

21.    Symphony repeats and realleges the allegations contained in paragraphs 1 through 20 hereof, as if fully set forth herein.

22.    During his employment at Symphony, Knapel and TI received the aforementioned funds via cash, checks and/or other means, and thus, received benefits and payments to which they were not entitled.

23.    Despite Symphony's requests, Knapel and TI have failed to provide support showing they were entitled to these payments, and Knapel and TI have not repaid Symphony for these funds.

24.    As a result of the conduct of Knapel and TI and their failure to repay the funds, Symphony has suffered damages in an amount to be determined by the Court, but in no event less than $500,000.

25.    The actions of Knapel and TI were purposeful and contumacious as a result of which Symphony is entitled to punitive damages of not less than $500,000.

COUNT III
(Breach of Fiduciary Duty)

26.    Symphony repeats and realleges the allegations contained in paragraphs 1 through 25 hereof, as if fully set forth herein.

27.    Symphony employed Knapel to manage the Pago division of Symphony, and he worked for Symphony in that capacity.

28.    In this capacity, Knapel had fiduciary duties to Symphony, including the duty of loyalty, and the duty to act in good faith and best interests of Symphony.

29.    Knapel breached his fiduciary duty to Symphony by, amongst other things: (a) using his position as manager to embezzle funds from Symphony; (b) manipulating the books and records of the Pago division; and (c) failing to remit payments to Symphony that were owed to it by its Pago division.

30.    As a result of the above-stated conduct, Knapel is guilty of misconduct toward Symphony and has been unfaithful to the trust placed in him by Symphony.

31.    As a result, Knapel has breached his duty of loyalty and his fiduciary duties to Symphony.

32.    As a result of this breach, Symphony has suffered damages to be determined by the Court, but in no event not less than $500,000.

33.    The actions of Knapel were purposeful and contumacious as a result of which Symphony is entitled to punitive damages of not less than $500,000.

## COUNT IV
### (Fraud)

34.    Symphony repeats and realleges the allegations contained in paragraphs 1 through 33 hereof, as if fully set forth herein.

35.    In causing shortages in Symphony's receivables, Knapel made false and fraudulent representations regarding sales, accounts and including but not limited to amounts to be remitted to Symphony.

36.    Knapel's aforementioned conduct was intentional and fraudulent.

37.    As a result of Knapel's fraudulent conduct, Symphony has suffered damages in an amount to be determined by the Court, but in no event less than $500,000

38.    The actions of Knapel were purposeful and contumacious as a result of which Symphony is entitled to punitive damages of not less than $500,000.

## COUNT V
### (Misrepresentation)

39.    Symphony repeats and realleges the allegations contained in paragraphs 1 though 38 hereof, as if fully set forth herein.

40.    In causing shortages in Symphony's receivables, Knapel misrepresented sales figures, accounts statements, and amounts due to Symphony.

41.    Knapel's aforementioned conduct was intentional and fraudulent.

42.    As a result of Knapel's misrepresentations, Symphony has suffered damages in an amount to be determined by the Court, but in no event less than $500,000.

43.    The actions of Knapel were purposeful and contumacious as a result of which Symphony is entitled to punitive damages of not less than $500,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Symphony requests judgment as follows:

a) On Count I, in an amount to be determined by the Court but in no event less than $500,000, together with punitive damages in the amount of $500,000;

b) On Count II, in an amount to be determined by the Court but in no event less than $500,000, together with punitive damages in the amount of $500,000;

c) On Count III, in an amount to be determined by the Court but in no event less than $500,000, together with punitive damages in the amount of $500,000;

d) On Count IV, in an amount to be determined by the Court but in no event less than $500,000, together with punitive damages in the amount of $500,000;

e) On Count V, in an amount to be determined by the Court but in no event less than $500,000, together with punitive damages in the amount of $500,000;

f) Costs, disbursements, and attorneys' fees in an amount to be determined by the Court; and

g) Such other and further relief as the Court deems proper.

DAY PITNEY LLP
Attorneys for Plaintiff

Dated: July 20, 2007
New York, New York

By _____
David B. Newman (DN 9577)
Amish R. Doshi (AD 5996)
Seven Times Square
New York, New York 10036-7311
(212) 297-5800
Fax. (212) 916-2940
dnewman@daypitney.com