UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SYMPHONY FABRICS CORPORATION,<br><br>                              Plaintiff,<br><br>              v.<br><br>DAVID S. KNAPEL AND TEXTILE<br>IMPRESSIONS, INC.,<br><br>                              Defendants. | Case No. 07 Civ. 6606 (GEL) |

## PLAINTIFF'S MEMORANDUM OF LAW IN
## OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION

### Preliminary Statement

This Memorandum of Law is submitted by plaintiff, Symphony Fabrics Corporation ("Symphony"), in opposition to defendants' motion to compel arbitration, since the arbitration provision is not applicable as defendant David Knapel ("Knapel") did not sign on to the arbitration provision, and the conduct constituting the claims herein do not arise from the Asset Sale and Purchase Agreement which contains the arbitration provision.

### Statement of Facts

The Court is respectfully referred to the accompanying Affidavit of David B. Newman, sworn to on October 25, 2007, for a full recitation of the facts.

Argument

POINT 1

A Party Cannot Be Compelled To Arbitrate A
Matter It Did Not Intend To Arbitrate

The Second Circuit has consistently held that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit." *Leadertex, Inc. v. Morganton Dyeing & Finishing Corp.*, 67 F.3d 20, 27 (2d Cir. 1995). Similarly, the Southern District of New York noted that "a party may not be compelled to forgo judicial relief and submit to arbitration unless that party has unequivocally consented to do so." *DEGI Deutsche Gesellschaft Fuer Immobilienfonds MBH v Haffey*, No. 95 Civ. 6813 (MBM) LEXIS 16737, at *12 (S.D.N.Y. November 3, 1995), *citing Bowmer v. Bowmer*, 50 N.Y.2d 288, 428 N.Y.S.2d 902, 905 (1980). *Leadertex* further instructs that a court's primary concern in determining the scope of arbitration agreements is to "faithfully reflect the reasonable expectations of those who commit themselves to be bound by [them]." *Id., quoting Haviland v. Goldman, Sachs & Co.*, 947 F.2d 601, 605 (2d. Cir. 1991). *Haviland*, in turn, instructs that a court will conclude that the parties consented to arbitrate a particular dispute "*only if* [it] find[s] that the dispute lies within the scope of the...agreement" that the parties signed. *Id.* at 604 (emphasis added).

Second Circuit case law clarifies that "[a]rbitration is entirely a creature of contract." *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 104 (2d Cir. 2006). Consequently, "which disputes are subject to arbitration are determined entirely by an agreement between the parties...Without the contract, the arbitration...never could exist." *Id.* Thus, the intent of the parties is of the utmost importance: "[t]he scope of an arbitration clause, like any

2

contract provision, is a question of the intent of the parties." *S.A. Miner acao Da Trindade-Samitiri v. Utah Int'l, Inc.*, 745 F. 2d 190, 193 (2d Cir. 1984).

Herein, the arbitration provision, in fairly standard terms, only applies to "any dispute or controversy arising out of or relating to this Agreement." This contract between the parties, which is unequivocal within its four corners, does not contemplate the inclusion of defalcations by defendant Knapel who is *not* a signatory to the arbitration provision. Nowhere in his papers does Knapel even try to convince this Court that his personal actions were somehow contemplated as coming within the scope of the arbitration provision which he did not sign. In fact, Knapel fails to tell this Court that he did not sign onto the arbitration provision.

<u>POINT II</u>

<u>Knapel Lacks Standing To Compel Arbitration</u>

New York's Court of Appeals has held that a non-signatory to an arbitration agreement cannot be compelled to arbitrate simply because the underlying dispute is "inextricably interwoven" or related to the arbitration agreement. *TNS Holdings, Inc. v. MKI Securities Corp.*, 92 N.Y.2d 335, 680 N.Y.S.2d 891, 894 (1998). The Court held that "interrelatedness, standing alone, is not enough to subject a nonsignatory to arbitration." *Id.* at 894. Similarly, New York's Appellate Division has held that where there is no express agreement between two parties, a court will not compel arbitration simply because there is a factual connection between the parties' dispute and a related agreement. *Tanbro Fabrics Corp. v. Deering Milliken, Inc.*, 35 A.D.2d 469, 318 N.Y.S.2d 764 (1st Dept. 1971).

*Leventhal, Fzus, Inc. v. Franzus Co., Inc.*, No. 88 Civ, 3547 (MBM) LEXIS 13651 (S.D.N.Y. December 5, 1988) is also instructive on the issue of whether a party has standing to

1573674A04102507

invoke an arbitration provision. In *Leventhal*, a guarantor moved to dismiss plaintiff's complaint arguing that that dispute was subject to arbitration. The guarantor, however, had only signed the relevant *asset purchase* agreement and not the *employment* agreement which contained the contested arbitration provision. The Court denied the guarantor's motion outright: "...as Remington is not a party to the [employment] agreement, and has made no showing that it has standing to prosecute such an action, its motion is denied." *Id.* at 26.

Herein, Knapel has no standing to compel arbitration. The signature page of the Asset Sale and Purchase Agreement specifically states that Knapel's consent is limited to paragraph 4.2, which has nothing to do with this lawsuit and as to which no claims are asserted. As a result, Knapel lacks standing to compel arbitration. Further, paragraph 5.3 specifically states that Knapel shall <u>not</u> "be deemed to be a third-party  beneficiary" of the Asset Sale  and Purchase Agreement.

POINT III

The Issues Herein Are Not Subject To Arbitration

In a case bearing similarity to the instant case, the Southern District of New York refused to submit a dispute to arbitration, despite the existence of an arbitration provision in one of the underlying agreements between the parties. In *Leventhal, Fzus, Inc. v. Franzus Co., Inc.,* No. 88 Civ, 3547 (MBM) LEXIS 1365 (S.D.N.Y. December 5, 1988) the parties entered into an asset purchase agreement whereby New Franzus (the "Acquiring Company") purchased the assets of Old Franzus (the "Acquired Company"). This agreement further provided that the Acquired Company would reimburse the Acquiring Company for any shortfall between the Acquired Company's assets and liabilities. Furthermore, pursuant to the asset purchase agreement, Leventhal (president of the Acquired Company) would be personally liable for a specific portion

4

of any shortfall. Finally, Remington (the "Guarantor") agreed to guarantee annual payments made by Acquiring Company to Leventhal and the Acquired Company. The parties also entered into a *separate* employment agreement whereby the Acquiring Company agreed to employ Leventhal as president of the new entity.

Eventually, a dispute arose when Leventhal objected to the Acquiring Company's shortfall calculations. Leventhal filed suit seeking, declaratory, equitable and legal relief for breach of the asset purchase and employment agreements. The Acquiring Company argued that arbitration was required pursuant to the employment agreement, which provided: "In the event that [Leventhal] shall disagree with any calculation by [New Franzus of [New Franzus'] Net Profits for a fiscal year or portion thereof...such agreement *may* be submitted to arbitration..." *Id.* at 24. In denying the Acquiring Company's motion to compel arbitration, the District Court explained that "arbitration will be compelled only when there is an unequivocal written agreement to arbitrate a *particular issue.*" *Id.* at 25.

New York's Appellate Division similarly declined to compel arbitration where an individual entered into an employment agreement with a corporation and subsequently sustained personal injuries on the job. *Sammarco v. Pepsi-Cola Bottling Co. of NY, Inc.*, 1 A.D. 3d 341, 767 N.Y.S.2d 59 (2nd Dept. 2003). The agreement contained the following arbitration provision; "[a]ny and all disputes or disagreements between the Company and the Distributor *concerning the interpretation of application of the provisions of this Agreement*, shall be determined in arbitration." *Id.* at 60. In upholding the Supreme Court's denial of the employer's motion to compel arbitration, the court noted that "in the commercial context generally, the rule is clear that unless the agreement to arbitrate expressly and unequivocally encompasses the subject matter of the *particular dispute*, a party cannot be compelled to forego the right to seek

5

judicial relief and instead submitted to arbitration." *Id.* at 59.  Thus, despite the fact the plaintiff was injured in his employer's warehouse performing work-related duties, the court held that "the personal injury claims arising from his accident do not 'concern the interpretation of the application of the provisions' of the Agreement."  Despite the factual relation between the employment agreement and the subsequent employment-related injury, the court explained that there was no "reasonable relationship" between the personal injury claims and the subject matter of the agreement.  *Id.* at 60.

New York's Appellate Division also refused to compel arbitration where a settlement agreement between two parties provided for the submission of disputes to an arbitrator. *Computer Associates Int'l, Inc. v. Com-Tech Associates*, 239 A.D.2d 379, 381, 658 N.Y.S.2d 322, 324 (2nd Dept. 1997).  There, the court acknowledged that while arbitration is "favored and encouraged" in New York, this preference "must be reconciled with the equally strong policy considerations that a party who agrees to arbitrations 'waives in large part many of his normal rights under the procedural and substantive law of the State, and it would be unfair to infer such a significant waiver on the basis of anything less than a clear indication of intent."  *Id.*

Here, the performance of Knapel under his employment by Symphony does not arise from or relate to the Asset Sale and Purchase Agreement.  In fact, that agreement specifically provides that Knapel is not a beneficiary of its terms and conditions (paragraph 5.3).

## Conclusion

As Knapel is not a signatory to the arbitration provision, is specifically rejected as a beneficiary of the Asset Purchase and Sale Agreement which contains the arbitration provision,

1573674A04102507

and the claims against Knapel do not arise from or relate to the Asset Purchase and Sale Agreement, defendants' motion to compel arbitration must be denied in its entirety.

Dated: October 24, 2007

DAY PITNEY LLP
Attorneys for Plaintiff


By: _____
    David B. Newman (DN9577)
    7 Times Square
    New York, New York  10036
    Telephone:  (212) 297-5832
    Facsimile:  (212) 916-2940

1573674A04102507